IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

James Herman Raynor, )
    Plaintiff, )
)
v. ) 1:13cv1117 (LMB/JFA)
)
G. Pugh, )
    Defendant. )

## MEMORANDUM OPINION

James Herman Raynor, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. In his initial complaint, plaintiff alleged that defendants Pugh, Housing Unit Manager at Sussex II State Prison ("Sussex"); Harold W. Clarke, director of the Virginia Department of Corrections ("VDOC"); and Marie Vargo, warden of Sussex, were violating his right to be free of endangerment, and were denying him adequate medical care in violation of the Eighth Amendment. See Complaint ("Compl.") 1-3 [Dkt. No. 1]. On January 10, 2014, the Court dismissed plaintiff's claims against Clarke and Vargo, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim. See Mem. Op. & Order 3-4 [Dkt. No. 14]. The Court also dismissed plaintiff's denial of medical care claim, pursuant to § 1915A(b)(1). See id. 4-5.

Pugh, the remaining defendant, was allowed sixty (60) days within which to file dispositive motions. On March 13, 2014, Pugh filed an answer to plaintiff's complaint, as well as a motion for summary judgment, pursuant to Fed. R. Civ. P. 56, a memorandum of law and affidavits to support his motion for summary judgment, and the Notice required by Local Rule 7(K). See Dkt. Nos. 21, 22, and 23. Plaintiff was given the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Defendant also filed a motion for a protective order, which the Court granted by Order dated March 20, 2014. See Dkt. No. 33. Plaintiff responded by filing numerous pleadings, including a "Motion to Dismiss Defendant's

Motion for Summary Judgment" and accompanying affidavit [Dkt. Nos. 36, 37], a "Motion to Dismiss Defendant's Motion for a Protective Order" [Dkt. No. 38], a "Motion to Show Cause for a Preliminary Injunction and a Temporary Restraining Order" and accompanying affidavit [Dkt. Nos. 39, 40], and a "Motion and Memorandum in Support for Summary Judgment" [Dkt. No. 42].[1] Plaintiff has also submitted a "Formal Request/Motion for Legal Copies" [Dkt No. 41], a "Motion to File Criminal Complaint" [Dk. No. 45], a "Motion to File Declaration for Entry of Default" [Dkt. no. 47], a "Motion to Submit Affidavit in Support of Motion for Declaration of Entry of Default" [Dkt. No. 48], a "Motion for Appointment of Counsel," [Dkt. No. 51], and a "Motion for a Professional Examination of Plaintiff's Spine Injury by a Back Specialist" [Dkt. No. 52]. For the reasons that follow, defendant's motion for summary judgment will be granted, plaintiff's motion to deny summary judgment will be denied, and plaintiff's remaining outstanding motions will be denied as moot.

## I. Background

The following material facts are uncontested. Plaintiff, an inmate at Sussex, has a number of medical ailments, including seizures, "blood issues," "heart issues," and "breath issues," which had reached the point where he needed the help of an inmate caretaker. Pugh Aff. ¶¶ 1, 4; Handwritten Compl. Fact (3). Plaintiff was housed in Unit 1B-11 of Housing Unit #1 in Sussex, with cellmate K. Mullins; however, he had requested a move to a new cell in order to be housed with an inmate caretaker. Pugh Aff. ¶ 4; Handwritten Compl. Fact (3). In response to plaintiff's request, Pugh spoke with plaintiff and Mullins on January 10, 2013, and told Mullins to move to a unit on the upper tier of Housing Unit #1. Pugh Aff. ¶ 5; Handwritten Compl. Fact (4). Pugh explained that he asked Mullins, rather than plaintiff, to relocate, because plaintiff had trouble

---

[1] Although captioned as a "Motion for Summary Judgment," plaintiff responds to factual allegations made in defendant's initial motion for summary judgment, and provides reasons why the Court should deny defendant's motion. Thus, the "motion" is properly construed as one of several responses to defendant's motion for summary judgment.

2

walking, such that "assignment to a cell on the top tier was not suitable for" him. Pugh Aff. ¶ 5.

After speaking with Pugh, plaintiff and Mullins returned to their cell. Soon after, Mullins punched plaintiff in the face and broke his television set. Pugh. Aff. ¶ 6; Handwritten Compl. Fact (5). Plaintiff alleges that during the fight Mullins "busted [his] lip and knocked [three] teeth lose [sic]," and that "the hits made [him] hit the floor on my spine and tail bone." Handwritten Compl. Fact (5); see also Moore Aff. ¶ 3. Plaintiff went to medical after the incident, see Moore Aff. ¶ 4, and also filed an informal complaint on January 23, 2013, see Pugh Aff. ¶ 7. Pugh avers that he moved Mullins based on plaintiff's request for a cell change, that he "had no reason to believe that there would be any conflict over Mullins' move to another cell," and that plaintiff never informed him of any conflict with Mullins. Id. ¶¶ 6-8. As a result of the fight Mullins was sentenced to fifteen days in segregation. Id. ¶ 7.

Medical records attached to defendant's Motion for Summary Judgment show that, after Mullins' assault, plaintiff had "mild abrasions on face and cheeks," but was not bleeding and was not in "acute distress." Moore Aff. Encl. A. Plaintiff asserts that, to the contrary, "his blood pressure was high, 126/100," and he told the nurse on duty that his back hurt as a result of falling on the floor." Aff. to Mot. to Dismiss Def.'s Mot. for Summ. J. ("Pl.'s Aff.") [Dkt. No. 37], at 2. Plaintiff does not provide any evidence, other than his own affidavit, to support his allegations about his physical condition.

To survive a motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Allegations and statements made in affidavits are insufficient to create a genuine issue of material fact. Id. Because plaintiff has not submitted any definitive evidence of high blood pressure or back pain as a result of the assault, the fact that plaintiff had only "mild abrasions" remains undisputed.

The following facts are in dispute. The parties disagree about the defendant's motivation

3

in not breaking up the fight between plaintiff and Mullins. Plaintiff, supported by an affidavit from another inmate, claims that, on January 10, 2013, Pugh stood outside the unit doors, watching the fight between Mullins and plaintiff, "smileing [sic] with a two way radio in his hand." Formal Request/Mot. for Legal Copies Ex. D-1(Jackson Aff.) [Dkt. No 41], at 1. Defendant states that, pursuant to VDOC operating polices, he "is not permitted to enter any area alone during an incident between offenders." Pugh Aff. ¶ 6.

Plaintiff also asserts that, during the assault, he suffered a severe injury to his spinal cord. Pl.'s Aff., at 1. That claim is not supported by any evidence other than plaintiff's own allegation, and is contradicted by the evidence in defendant's motion. See Moore Aff. ¶ 4. Plaintiff supports his allegation with records of spinal x-rays from 2005 through 2013, which he alleges show the worsening progression of his spinal injuries. See Aff. for Prelim. Inj. & T.R.O. ("Prelim. Inj.") Ex. 1-B [Dkt. No. 40].

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the nonmoving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the

4

nonmoving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence . . . create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the nonmoving party. Matsushita, 475 U.S. at 587.

As stated above, the nonmoving party may not defeat a properly-supported summary judgment motion by simply substituting the "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). Even where the nonmoving party in such a situation is a pro se prisoner entitled to liberal construction of his pleadings, a "declaration under oath . . . is not enough to defeat a motion for summary judgment. [The plaintiff] has to provide a basis for his statement. To hold otherwise would render motions for summary judgment a nullity." Campbell-El v. Dist. of Columbia, 874 F.Supp. 403, 406 - 07 (D.D.C. 1994).

### III. Analysis

Summary judgment in favor of defendant Pugh is appropriate because the pleadings, affidavits, and exhibits on file demonstrate that Pugh did not endanger plaintiff in violation of the Eighth Amendment. The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). Prison officials violate an inmate's Eighth Amendment right to be free from physical harm inflicted by other inmates when they are

deliberately indifferent to "specific known risks of such harm." Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987) (citing Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979)). Mere negligence by prison officials, however, does not amount to a violation of an inmate's Eighth Amendment right to be protected from the attacks of fellow inmates. See, e.g., Ruefly v. Landon, 825 F.2d 792 (4th Cir. 1987) ("Mere negligent conduct on the part of prison officials who fail to protect a prisoner from a risk of harm posed by fellow inmates does not constitute a violation of the [E]ighth [A]mendment's prohibition against cruel and unusual punishment.")

To state a cognizable Eighth Amendment claim for endangerment or failure to protect, plaintiff must allege facts sufficient to satisfy a two-pronged test. First, he must show that he suffered "serious or significant physical or emotional injury" as a result of defendant's actions. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). Second, he must show that the defendant acted with a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks omitted); see also Odom v. S.C. Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003).

"Only extreme deprivations are adequate to satisfy the objective component" of the first prong of the test. See De'Lonta, 330 F.3d at 634. To satisfy the second prong, the plaintiff must show that the defendant exhibited "deliberate indifference to the inmate's health or safety. See Farmer, 511 U.S. at 834. A prison official shows deliberate indifference only if he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837.

Summary judgment is appropriate here because plaintiff cannot meet his burden of showing that there is a genuine issue of material fact on either prong of the endangerment test. First, plaintiff has not sufficiently established a factual dispute as to whether he suffered a significant injury. Plaintiff has submitted six x-ray reports, dating from 2005 (before the fight at issue in the instant action) through 2013 (after the fight). See Prelim. Inj. Ex. 1-B. Plaintiff maintains that these exhibits "show the Court [that] plaintiff's spine was in fact injured severely on

6

1-10-13," Pl.'s Aff. at 1; however, plaintiff has purported to interpret these medical records himself, writing conclusions such as "normal x-ray" and "injuries noted" on the documents. See Prelim. Inj. at 1, 6. There is no evidence that plaintiff has any medical training, and thus there is no evidence that plaintiff can properly interpret what medical conclusions can be reached from these x-rays.

To defeat summary judgment, the plaintiff must provide evidence of a "genuine" issue of material fact–that is, evidence "such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, "sufficient evidence supporting the claimed factual dispute [must] be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289 (1968). As presented, plaintiff's exhibits do not provide sufficient evidence by which a judge or jury could interpret his medical records at trial. To properly interpret these records, the trier of fact would require expert testimony by a medical official. Plaintiff's own assertions of what the x-ray records show could not assist a trier of fact in coming to a conclusion during trial, and are therefore not enough to withstand summary judgment. Plaintiff has thus failed to meet his burden of defeating summary judgment on prong one.

Even if plaintiff could meet his burden of defeating summary judgment on the first prong of the endangerment test, however, he cannot meet his burden on the second prong. To show deliberate indifference, the plaintiff must show that the defendant knew that leaving Mullins and plaintiff alone presented a significant risk to plaintiff's health or safety, and must show that the defendant disregarded the risk. There is nothing in plaintiff's evidentiary submissions to show that Pugh knew that Mullins posed a risk to plaintiff's health or safety. In fact, Pugh stated that the plaintiff had never mentioned having any problems with Mullins, and that the two men "got along well." See Pugh Aff. ¶ 6. Plaintiff's responsive affidavit, in which another inmate stated that Pugh watched Mullins injure plaintiff without intervening, establishes, at most, negligence by

7

Pugh. Pugh, knowing that the two men did not have any prior history of problems, did not act with deliberate indifference to plaintiff's health or safety by failing to break up the fight. Without a history of serious injury, Pugh would have no reason to think that plaintiff's safety was in danger. Thus, plaintiff has shown, at most, negligence on the defendant's part. A showing of negligence is not sufficient to state a claim for endangerment under the Eighth Amendment.

## IV. Conclusion

For the foregoing reasons, defendant's Motion for Summary Judgment will be granted, and plaintiff's Motion to Dismiss Defendant's Motion for Summary Judgment will be denied. This disposition renders moot all of plaintiff's remaining motions. An appropriate Judgment and Order shall issue.

Entered this 7th day of November 2014.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

8